UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ATTAR 2018, LLC; HOPE 2014, LLC,
INVESTMENT REALTY SERVICES, LLC,

            Plaintiffs,            Civil Case No. 19-10199
                                              Honorable Linda V. Parker

v.

CITY OF TAYLOR,

            Defendant.
_____/

## **OPINION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Plaintiffs filed this putative class action lawsuit on January 21, 2019. They filed an Amended Complaint on March 27, 2019. Pursuant to a stipulated order, Defendant's responsive pleading currently is due by April 19, 2019. On March 27, 2019, Plaintiffs filed a Motion for Class Certification pursuant to Federal Rule of Civil Procedure 23. (ECF No. 10.) In the motion, Plaintiffs indicate that they are filing the motion to avoid Defendant mooting the claims by offering to pay Plaintiffs, but they lack specific information to support the motion. (*Id.* ¶ 5.) However, with the United States Supreme Court's January 20, 2016 decision in *Campbell-Ewald Co. v. Gomez,* 136 S. Ct. 663 (2016), there no longer is a need for plaintiffs to file premature motions for class certification.

In *Gomez*, the Court addressed the issue of whether an unaccepted offer to satisfy the named plaintiff's individual claim renders a case moot when the complaint seeks relief on behalf of the plaintiff and a class of similarly situated persons. *Id*. at 666. The Circuit Courts of Appeals disagreed on the answer to this question, with the Sixth Circuit holding that an unaccepted offer can moot a plaintiff's claim. *See id*. 669; *see also O'Brien v. Ed Donnelly Enter., Inc.*, 575 F.3d 567, 574-75 (6th Cir. 2009). The Supreme Court held in *Gomez* "that an unaccepted settlement offer has no force. . . . With the offer off the table, and the defendant's continuing denial of liability, adversity between the parties persists." *Gomez*, 136 S. Ct. at 666. Thus, the case is not rendered moot.

In short, there no longer is a reason for a plaintiff to file a motion for certification which it is not able to support when filed. The motion is premature.

Accordingly,

**IT IS ORDERED**, that Plaintiffs' Motion for Class Certification (ECF No. 10) is **DENIED WITHOUT PREJUDICE**.

s/Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: April 8, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 8, 2019, by electronic and/or U.S. First Class mail.

s/ R. Loury  
Case Manager

2